UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID P. FOSTER                                             CIVIL ACTION

VERSUS                                                      NO: 12-2548

INGALLS SHIPBUILDING, INC.                                  SECTION: "H"(1)

### ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss or, Alternatively, Motion for Summary Judgment. (R. Doc. 9.) Given the attachment of matters outside the pleadings, which the Court chooses not to exclude, the Motion to Dismiss is converted to a Motion for Summary Judgment. For the following reasons, the motion is GRANTED IN PART AND DENIED IN PART. Plaintiff's employment discrimination claim and his claim for unpaid compensation are DISMISSED. Plaintiff's claim for defamation shall remain pending.

### BACKGROUND

Plaintiff, David P. Foster, brought this suit after his employment with the Defendant,

1

Huntington Ingalls, Inc. (HHI)[1], was terminated. Plaintiff was employed with HHI from May 17, 2004, until September 28, 2011. On September 28, 2011, Plaintiff received a separation notice informing him that his employment was being terminated for "falsifying company records and for gross negligence." On October 19, 2012, Plaintiff filed a complaint alleging defamation of character, racial discrimination and that he was owed wages and compensation. In lieu of an answer, Defendant filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule 12(b)(6). Plaintiff opposes the dismissal of his defamation claim, but chosen not to oppose dismissal of his discrimination claim or his wages claim.

## LEGAL STANDARD

*I. Motion to Dismiss under Rule 12*

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009). The Court need not, however, accept as true

---

[1] Huntington Ingalls was erroneously designated as Ingalls Shipbuilding, Inc. in the complaint.

legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50. To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id*. The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim. *Jones v. Bock,* 549 U.S. 199, 215 (2007).

In considering a motion to dismiss for failure to state a claim, a court considers only the contents of the pleadings, including their attachments. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000). A court may, at its discretion, exclude matters presented that are outside of the pleadings; however, if the court does not exclude these matters, it must treat the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). When a court converts a Rule 12(b)(6) motion into a motion for summary judgment, the court must give the parties ample opportunity to present argument and evidence relevant to the motion. *Clark v. Tarrant Cnty., Tex.,* 798 F.2d 736, 745 (5th Cir. 1986).

*II. Motion for Summary Judgment under Rule 56*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ.

P. 56(c).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the nonmovant and draws all reasonable inferences in his favor. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."  *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).  Summary judgment is appropriate if the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."  *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."  *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion." *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

**LAW AND ANALYSIS**

The Court converts this Motion to Dismiss to a motion for summary judgment. Both Defendant and Plaintiff have attached matters outside the pleadings. Both parties have had ample opportunity to present argument and evidence as to summary judgment. Furthermore, Defendant's motion, as well as Plaintiff's opposition, are styled as a Motion to Dismiss or, alternatively, a motion for summary judgment. Thus, it is clear that the parties received adequate notice that the court might treat this motion as one for summary judgment.

In this diversity case, Louisiana law controls. *Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 675, 681 (5th Cir. 2011). Plaintiff has brought three separate state law claims. Since Defendant's motion is unopposed as to two of those claims and the court finds that Defendant's arguments are well-founded, the court will address the unopposed arguments first.

**I. Employment Discrimination Claim**

Plaintiff's racial discrimination claim alleges a violation of La. Rev. Stat. § 23:301 *et seq*. La. Rev. Stat. § 23:303(D) explicitly provides that "[a]ny cause of action provided in this Chapter shall be subject to a prescriptive period of one year." Plaintiff alleges that his employment was terminated on September 28, 2011. The only racial discrimination alleged by plaintiff is that he was terminated because of his race. Plaintiff did not file his complaint until October 19, 2012, more

5

than one year after the alleged discrimination occurred. Accordingly, his racial discrimination claim is prescribed, and is hereby dismissed with prejudice.[2]

**II. Claim for wages and compensation**

In his complaint, Plaintiff alleges that Defendant failed to tender bonus and severance payments owed at the time of separation pursuant to La. Rev. Stat.§ 23:631. Defendant argues that Plaintiff has no factual basis for recovery of bonuses or severance payments because Defendant was never under a contractual duty to make such payments.[3]

Louisiana law does not require employers to award bonuses or severance payments in the absence of a contractual obligation. *La. Prac. Employment Law § 4:26,* (2012-2013 ed.). La. Rev. Stat.§ 23:631(A)(1)(a) states that "[u]pon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment." The Fifth Circuit had held that La. Rev. Stat.§ 23:631(A)(1)(a) does not require an employer to pay discretionary bonuses to a discharged employee. *Batiansila v. Advanced Cardiovascular Sys., Inc.*, 952 F.2d 893, 895-96 (5th Cir. 1992). However, an employer must pay bonuses associated with incentive programs when contractually

---

[2]Defendant also argues that Plaintiff's racial discrimination claim is barred because he failed to exhaust statutorily mandated administrative remedies. Given the Court's ruling that the claim is prescribed, it the Court need not address this argument.

[3]Defendant also makes an alternative argument that such a claim would be preempted by ERISA. However, since the parties now agree that Defendant never had a duty to make bonus or severance payments the Court need not address that argument.

obligated to do so. *See Kearney v. Lee Medical Intern., Inc.*, 951 So.2d 417, 420, (La. App. 5 Cir. 2007); 951 So.2d 417, 420.

The parties agree that Defendant was not contractually obligated to pay any bonuses to Plaintiff under its incentive program. Defendant's incentive program explicitly states that "[a]n employee who . . . is discharged for cause prior to the end of the specific incentive period shall not be eligible for payment under the incentive plan." (R. Doc. 9-2, p. 31.) The undisputed record reveals that Plaintiff was discharged prior to the end of the incentive period.[4] Because Defendant discharged Plaintiff for cause prior to the end of the incentive period in question, Defendant is not contractually obligated to pay Plaintiff the bonus in question. Since the parties agree that Defendant owed no contractual obligation to tender either bonus or incentive payments to Plaintiff, and there appears no evidence in the record of such an agreement, the Court will grant Defendant's motion and dismiss Plaintiff's compensation claim.

**III. Defamation of Character**

Finally, Plaintiff alleges that Defendant defamed his character when it communicated to the Louisiana Department of Employment Security, and Defendant's internal employees that Plaintiff had been terminated for falsifying company records and for gross negligence. Under Louisiana law "[f]our elements are necessary to establish a claim for defamation: (1) a false and defamatory

---

[4] Plaintiff was discharged on September 28, 2011, while the incentive period ended on October 30, 2011.

7

statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Kennedy v. Sheriff of E. Baton Rouge*, 935 So. 2d 669, 674 (La. 2006).  Defendant alleges that there is no genuine dispute of material fact as regards two of the elements: publication and injury.  The Court disagrees.

   *A. Publication*

   Defendant contends that Plaintiff cannot prove the alleged defamatory statements were published to a third party.  To support this argument they rely on the intra-corporate communications doctrine. The Louisiana Supreme Court has held that, where allegedly defamatory information is communicated to other employees within the company who have a need-to-know that information, the communication does not constitute an unprivileged publication to a third party. *Cangelosi v. Schwegmann Bros. Giant Super Markets*, 390 So. 2d 196, 198 (La. 1980). In *Cangelosi*, the allegedly defamatory statements were only communicated to supervisory employees who had a duty to investigate the alleged misconduct at issue. *Id*. Defendant, in its motion, cites to numerous other cases which have applied the intra-corporate communications doctrine.  However, none of the cited cases address a situation where the alleged defamatory statement was communicated to persons who lacked a business need to know the information.

   In this case, Plaintiff has alleged that Defendant communicated the statements to employees who had no business need-to-know the allegedly defamatory information.  In opposition to the instant motion, Plaintiff included affidavits from two employees who allege that

8

the defamatory statements were communicated to individuals who had no business need-to-know the reasons for Plaintiff's termination.  As such, there is a genuine dispute of material fact as to whether there was an unprivileged publication to a third party.

B. Injury

Defendant's final argument is that Plaintiff cannot prove that he suffered any compensable injury as a result of the alleged defamatory statements.  In making this argument, Defendant focuses on Plaintiff's allegation that Defendant published defamatory statements to the Louisiana Department of Employment Security.  Defendant alleges that, since Plaintiff ultimately received unemployment benefits from the Department, he cannot allege any compensable injury. However, Defendant overlooks the fact that Plaintiff, in his complaint, alleged that Defendant communicated multiple defamatory statements regarding his termination to several other individuals in addition to the Department of Employment Security.  Additionally, both of the affidavits attached to Plaintiff's opposition to this motion allege that statements regarding Plaintiff's termination were communicated to individuals who did not have any business need to know the reasons for Plaintiff's termination.  Plaintiff's complaint specifically alleges that he has suffered "loss of reputation, ... embarrassment and humiliation, ... mental and emotional suffering" and other injuries as a result of these alleged communications. On this motion, Defendant bears the burden of showing that Plaintiff cannot prove these alleged injuries. While Defendant's arguments have addressed some of the alleged defamatory statements, Defendant has not addressed whether

9

Plaintiff will be able to prove that he suffered a compensable injury as a result of the alleged communication to employees who lacked a business need-to-know the reasons for Plaintiff's firing. Thus, at this time, Defendant has not carried its burden on the motion.[5]

## CONCLUSION

For the reasons previously stated, Defendant's Motion to Dismiss is converted to a Motion for Summary Judgment. Defendant's motion is GRANTED as to Plaintiff's discrimination and compensation claims and DENIED as to Plaintiff's defamation claim.

New Orleans, Louisiana, this 3rd day of September, 2013.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[5] The Court does not decide today whether Plaintiff will be able to prove at trial that the alleged defamatory statements were false, or that the employees to whom they were communicated in fact lacked a business need-to-know the reason for Plaintiff's termination. Instead, the Court concludes that, on the basis of the evidence presented in conjunction with this motion, summary judgment is not appropriate at this time.

10