**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**DAVID P. FOSTER**                                  **CIVIL ACTION**


**VERSUS**                                           **NO: 12–2548**


**INGALLS SHIPBUILDING, INC.**                       **SECTION: "H"(1)**


## ORDER AND REASONS

Before the Court is Plaintiff's Motion for New Trial (Doc. 52).  For the following reasons, the Motion is DENIED.


## BACKGROUND

The facts of this case are detailed in the Court's November 10, 2014 Order and Reasons.  In its Order, the Court granted summary judgment and dismissed this matter with prejudice.  Plaintiff now asks the Court to reconsider its ruling.

**LEGAL STANDARD**

Although styled a Motion for New Trial, Plaintiff's Motion seeks to alter or amend the judgment under Rule 59(e).  A Rule 59(e) motion "[i]s not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[1]  Instead, Rule 59(e) serves the narrow purpose of correcting "'manifest error[s] of law or fact or . . . presenting newly discovered evidence.'"[2]  "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"[3]

In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly."[4]  While district courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment,"[5] denial is favored.[6]

**LAW AND ANALYSIS**

In his Motion, Plaintiff does not present any new evidence or offer any new legal theories.  Instead, he argues that the Court's prior order was wrong.  He

---

[1] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

[2] *Advocare Int'l, LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003)).

[3] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).

[4] *Templet*, 367 F.3d at 479 (citations omitted).

[5] *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

[6] *See S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

offers three separate arguments in support of the Motion. First, Plaintiff argues that the Court was incorrect when it determined that his defamation claim had prescribed. In support of this argument Plaintiff cites *Brunett v. La. Dept. of Wildlife and Fisheries*.[7] *Brunett* held that prescription on an age discrimination claim does not begin to run until the adverse employment action complained of is complete.[8] Not only is *Brunett* inapplicable to the Court's ruling on prescription of a defamation claim, but it has been expressly overruled by the Louisiana Supreme Court.[9]

Second, Plaintiff claims that the Court disregarded his arguments in opposition to the motion for summary judgment. In support of this argument, he incorporates his opposition by reference. Finally, Plaintiff claims that the Court incorrectly refused to consider inadmissible hearsay evidence that he offered in opposition to the summary judgment. These arguments have previously been considered, and rejected, by the Court. Furthermore, Plaintiff has made no attempt to explain how these alleged errors are plain or indisputable.[10]

Plaintiff's Motion offers no new legal theories or evidence, and cites a single distinguishable case that has been overruled by the Louisiana Supreme Court. In the absence of any credible argument that the Court's prior order was in error, the Motion is denied.

---

[7] 685 So. 2d 618, 621 (La. App. 1st Cir. 1996).

[8] *Id.*

[9] *Eastin v. Entergy Corp.*, 865 So. 2d 49, 54 n.3 (La. 2004).

[10] *See Guy*, 694 F.3d at 325.

3

**CONCLUSION**

For the foregoing reasons, Defendant's Motion for New Trial is DENIED.


New Orleans, Louisiana, this 2nd day of February, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

4